

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-90,841-01

## EX PARTE MARCUS WHITE, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS CAUSE NO. 20080D04787-409-1 IN THE 409TH DISTRICT COURT FROM EL PASO COUNTY

**NEWELL, J., filed a concurring opinion in which HERVEY, RICHARDSON, and WALKER, JJ., joined.**

Applicant was convicted of murder for his part in a gang-related beating of Valentin Rodriguez. Applicant, a member of the gang "Hated By Many," was at a party attended by Rodriguez when the two got into an argument over a woman. As Rodriguez was being helped out of the party, Applicant knocked Rodriguez to the ground; Rodriguez lost consciousness when the back of his head hit the sidewalk. Thereafter, several people, including Applicant, began punching, kicking, and

stomping Rodriguez for one to two minutes before Rodriguez could be carried away by his friends. They did not take him to the hospital, and Rodriguez subsequently died from blunt force trauma to the head. A jury convicted Applicant of murder and sentenced him to seventy years in prison.

In his post-conviction application for writ of habeas corpus, Applicant raises several grounds for relief including allegations of ineffective assistance of counsel, prosecutorial misconduct, and actual innocence. I agree with the Court's decision to remand the case. I write separately to note that I believe it is time for us to reconsider whether courts should have the ability to raise the issue of laches *sua sponte* when the State declines to do so, particularly as we seem to be getting closer and closer to treating that ability like a duty.[1]

The writ of habeas corpus is a vital instrument for the protection of individual liberty.[2] And while I recognize the State's interest in the finality of judgments, laches is a common-law doctrine that has traditionally been used as an equitable defense in civil cases rather than

---

[1] *See Ex parte Smith*, 444 S.W.3d 661, 663 (Tex. Crim. App. 2014).

[2] *See Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

as a limitation on the scope of the writ of habeas corpus.[3]  So, I am

beginning to question how good a fit this equitable doctrine is to criminal

cases given that individuals have rights while governments have powers.[4]

Nevertheless, in *Ex parte Perez*, we expanded the scope of the doctrine

of laches to allow for an inquiry into whether the State might be

prejudiced in retrying the defendant after relief is granted.[5]  Given this

broadened and more workable standard than the one we set out in *Ex

parte Carrio*,[6] I trust local prosecutors to raise the defense of laches when

they feel the case warrants it.  They are, I believe, in the best position to

determine whether they have been prejudiced by an applicant's delay in

filing an application for a post-conviction writ.  Thus, leaving the choice

and responsibility up to the local prosecutors to raise or not raise the

---

[3] *See, e.g., Ex parte Perez*, 398 S.W.3d 206, 210–11 (Tex. Crim. App. 2013) (relying in part upon the default judgment case *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998) as support for the application of the equitable doctrine of laches in an application for a post-conviction writ of habeas corpus); *Del Pozo v. Wilson Cypress Co.*, 269 U.S. 82, 86–87, 89 (1925) (relying on laches and adverse possession in deciding suit to quiet title to a confirmed land grant in Florida).

[4] *See, e.g., State ex. rel. Turner v. McDonald*, 676 S.W.2d 371, 373–74 (Tex. Crim. App. 1984) (noting that the State does not have a "right" to a jury trial, though it has interests in the method of trial of criminal accusations).  *See also Ex parte Smith*, 444 S.W.3d at 671 (Meyers, J., dissenting) (to excuse the State from having to assert laches at all, which may show that an application should be dismissed, tips the balance of equity away from applicants).

[5] 398 S.W.3d 215–16.

[6] 992 S.W.2d 486, 488–89 (Tex. Crim. App. 1999), *overruled in part by Ex parte Perez*, 398 S.W.3d at 213–15.

defense of laches strikes the proper balance between the need for finality in judgments and the vital function of the writ of habeas corpus.

With these thoughts, I join the Court's remand order.

Filed: April 15, 2020

Do Not Publish